MEMORANDUM **
Daniel Corrales-Cuevas appeals his conviction for possessing 16.1 pounds of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(l)(A)(viii). He argues that the district court should have suppressed evidence obtained during a vehicle stop by Immigration and Customs Enforcement agents because the agents lacked reasonable suspicion. We affirm his conviction.
Considering the totality of the circumstances, the agents had reasonable, particularized suspicion that Corrales-Cuevas was smuggling illegal drugs. United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989); United States v. Montero-Camargo, 208 F.3d 1122, 1129 (9th Cir.2000) (en banc). By the time the agents stopped Corrales-Cuevas, their observations had confirmed substantially all details of a tip provided by a known, previously reliable informant. See Alabama v. White, 496 U.S. 325, 329-32, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). The lie to the customs inspector, tandem driving, driving well below the posted speed limit, and observed meetings, all added to the reasonable suspicion that the tip provided *358 for the stop. United States v. Arvizu, 534 U.S. 266, 273-74, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); see also United States v. Rowland, 464 F.3d 899, 907-08 (9th Cir.2006).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.